REQUESTED BY: Senator Chris Beutler Nebraska State Legislature District 28 1105 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your request for an opinion concerning portions of LB 215. You specifically inquire whether the state is preempted from enacting legislation which would prohibit federal savings and loan associations from ownership of title insurance agency interests as provided for in LB 215, since such companies are regulated by federal law.
As you know, LB 215 is a general exercise of the police power of the state in the regulation of title insurance. It generally attempts to regulate the producers of such insurance, as defined in the act, from doing business with a controlled company or agency in the title insurance business. The act applies generally to all individuals and corporations involved in buying or selling interest in real estate or making loans secured by interests in real estate, and does not specifically mention federal savings and loan associations or banks.
It has long been recognized that insurance is a proper subject of regulation by the state police power. As far back as 1914 our State Supreme Court in approving in its entirety our state insurance code stated in part:
 The police power of the state may be employed as said in Noble State Bank v. Haskell, supra, `in aid of what is sanctioned by usage, or held by the prevailing morality or strong and preponderant opinion to be greatly and immediately necessary to the public welfare.'
 We are convinced that, in the light of the case referred to, there is doubt as to whether the legislature had exceeded its constitutional limitations. In such case the lawmaking body is entitled to the benefit of the doubt; only a clear case of violation will justify the court in interfering, and this has not been shown.
State, ex rel. Martin, v. Howard, 96 Neb. 278 at 294.
This view has, of course, been strengthened many times since. Classifications of various businesses for the purpose of regulation have long been the established practice of the Legislature and are routinely held proper provided that they rest upon some reason of public policy or some substantial difference of situation or circumstances, and cannot be interfered with unless it is clearly apparent that the Legislature has made an artificial or baseless classification.Metropolitan Utilities District v. City ofOmaha, 171 Neb. 609; City of Scottsbluff v. Tiemann,185 Neb. 256.
We have not been informed as to the stated purposes for this particular act but, for the purposes of your question, assume that the Legislature has a sound basis for the particular regulations of the title insurance business contained in the act. This being so, the fact that it may interfere with the operation of a particular type business is of no consequence to the validity of the act, since the act applies to all businesses and individuals uniformly who come within its provisions.
Should there be some conflict between the act and the authority granted by federal law to federal savings and loan associations, the extent of the conflict between the two statutes would have to be examined to determine if one or the other prevailed. We have not been able to find any such federal provisions.
The fact that the federal government generally regulates federal savings and loan associations would not of itself affect this bill since, as mentioned before, the bill applies uniformly to all individuals and corporations who wish to produce business as defined in the act and does not attempt to regulate savings and loan associations.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General